**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: _____

**CLIFFORD RHOADS,**

    Plaintiff,

v.

**FEDERAL EXPRESS CORPORATION d/b/a FEDEX; CALEAST NAT, LLC; AND CENTERPOINT PROPERTIES, LLC,**

    Defendants.

**NOTICE OF REMOVAL**

COME NOW Defendants, CalEast Nat, LLC ("CalEast") and Centerpoint Properties, LLC, ("Centerpoint"), by and through their attorney of record, Lori K. Bell of Montgomery Amatuzio Chase Bell Jones, LLP, and respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds, Defendants CalEast and Centerpoint state as follows:

1. On August 30, 2019, Plaintiff filed a Complaint against Defendants in the District Court for Adams County, State of Colorado. *See* Ex. A, Compl. The Complaint asserts Defendants CalEast and Centerpoint violated the Colorado Premises Liability Act, C.R.S. § 13-21-115, alleging that Plaintiff slipped and fell on a patch of black ice. Plaintiff also asserted claims against Defendants stemming in negligence. Plaintiff's Complaint seeks unspecified damages for his injuries. Plaintiff complains of, and seeks recovery for, "economic and non-economic injuries, damages and/or losses, as well as physical impairment and disfigurement."

Ex. A at ¶ 26. The Civil Case Cover Sheet, filed with the Complaint, indicates that Plaintiff is seeking damages in excess of $100,000, excluding interest and costs. *See* Ex. B at 2, Civil Case Cover Sheet.

2. On September 20, 2019, Plaintiff filed an Amended Complaint against Defendants in the District Court for Adams County, State of Colorado. *See* Ex. C, Amended Compl. The Amended Complaint asserts Defendants CalEast and Centerpoint violated the Colorado Premises Liability Act, C.R.S. § 13-21-115, alleging that Plaintiff slipped and fell on a patch of black ice. Plaintiff's Amended Complaint seeks unspecified damages for his injuries. Plaintiff complains of, and seeks recovery for, past and future physical and mental pain and suffering, medical expenses and lost wages, physical impairment and disfigurement, loss of earning capacity, attorney's fees, interest and cost. Ex. C at p. 11.

3. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over all civil actions between citizens of different states, provided the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant [ ] to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014) ("*Dart*") (quoting 28 U.S.C. § 1446(a)).

3. When removal is based on diversity of citizenship under § 1332(a), a case may not be removed if any defendant is a citizen of the forum state. 28 U.S.C. § 1441(b)(2). That is not the case here. The diversity requirement of § 1332(a), is satisfied here as the parties are completely diverse and no defendant is a citizen of the forum state. For purposes of diversity jurisdiction, an LLC's citizenship is determined by the citizenship of each of its members. *Rackhouse Pub, LLC v. Proximo Spirits, Inc.*, No. 13-CV-00477-MSK-KMT, 2013 WL 5609347 (D.Colo. Oct. 11, 2013); *see also Siloam Springs Hotel, LLC v. Century Surety Company*, 781 F.3d 1233 (10th Cir. 2015).

  a. Plaintiff is a citizen of New Mexico. At the time of the incident, Plaintiff was a resident of Adams County, Colorado. At the time of the filing of his Complaint, Plaintiff was a citizen of New Mexico, residing in Valencia County. Ex. A at ¶ 1.

  b. Defendant CalEast Nat, LLC is citizen of Maryland and Illinois. It is a Delaware Limited Liability Company. *See* Ex. D, Colorado Secretary of State Corporate Summary. Centerpoint Properties Trust is the sole member of Defendant CalEast Nat, LLC.

  c. Centerpoint Properties Trust is a citizen of Maryland and Illinois. Its place of incorporation is Maryland. *See* Ex. E, Maryland Secretary of State Corporate Summary. Its principal place of business is in Oak Brook, Illinois.

  d. Defendant Centerpoint Properties, LLC is a dissolved entity and was incorrectly named in this lawsuit. *See* Ex. F, Delaware Certification of

                Cancellation. For removal purposes, Centerpoint Properties LLC was a citizen of Maryland and Illinois. It is a Delaware Limited Liability Company. *See* Ex. G, Delaware Secretary of State Corporate Summary. Its sole member was Centerpoint Properties Trust.

    e.    Centerpoint Properties Trust is a citizen of Maryland and Illinois. It is incorporated in the state of Maryland. *See* Ex. E, Maryland Secretary of State Corporate Summary. Its principal place of business is in Oak Brook, Illinois.

    f.    Upon information and belief, Federal Express Corporation is a citizen of Delaware and Tennessee, with its place of incorporation in Delaware. Its principal place of business is in the State of Tennessee, with its principal address at 942 South Shady Grove Road, Memphis, Tennessee 38120. *See* Exs. H and I, Colorado Secretary of State Corporate Summary and FedEx Website.

4.    The amount in controversy requirement of § 1332(a) is satisfied when the allegations in the Complaint, along with the Civil Case Cover Sheet, satisfy the jurisdictional requirement. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart*, 135 S.Ct. at 549. The U.S. District Court for the District of Colorado has held the jurisdictional requirement of § 1332(a) is met when a plaintiff indicates on the Civil Case Cover Sheet he is seeking a monetary judgment of more than $100,000.00. *Henderson v. Target Stores*, 431 F.Supp. 2d 1143, 1144 (D.Colo. 2006) (holding that "the civil

case cover sheet falls within the term "other paper" for determining the time within which removal papers must be filed."). Further, in *Vargas v. Nash-Finch Co.*, the Colorado District Court held that the jurisdictional requirement is met when a plaintiff indicates on the Civil Case Cover Sheet that "she is seeking a monetary judgment for more than $100,000.00," and claims damages for serious injuries including surgery, physical and mental suffering, and loss of enjoyment of life. *Vargas v. Nash-Finch Co.*, No. 10-CV-00259-CMA, 2010 WL 582135 at *2 (D.Colo. Feb. 11, 2010). The Tenth Circuit Court of Appeals agreed with this reasoning, and in *Paros Properties LLC v. Colorado Casualty Insurance Company*, found that civil case cover sheets are an unambiguous assertion by an officer of the court regarding a matter of significant consequence and therefore provide sufficient "other paper" to put a defendant on notice concerning the amount in controversy. *Paros Properties LLC v. Colorado Casualty Insurance Company*, 835 F.3d 1264, 1272 (10th Cir. 2016).

5. Here, the initial pleadings establish the basis for removal. Plaintiff indicated on the Civil Case Cover Sheet he is seeking a monetary judgment over $100,000. Ex. B at 2. The Complaints allege that Plaintiff suffered injuries in the past, including a temporary loss of feeling from his neck down and extreme pain in his lower back and extremities. Ex. A at ¶ 11. Plaintiff's Amended Complaint alleged that he sustained injuries, and suffered past and future economic and non-economic damages, including physical impairment and disfigurement. Ex. C at ¶¶ 38, 65, 66, 67. He further prays for costs, attorney fees, economic losses, including lost wages and loss of ability to earn money, physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life, and interest. *Id*. at 11. Based on Plaintiff's damages election in excess of $100,000 in the Civil Case Cover Sheet, and the alleged

serious nature of Plaintiff's unspecified economic and noneconomic damages pled in the Complaints, the jurisdictional requirement of §1332(a) is satisfied.

6. Alternatively, this Court has found a plaintiff's "valuation of the case is relevant evidence of the amount in controversy, as it reflects a reasonable estimate of the Plaintiff's claim." *Levings v. Interstate Distributor Co.*, No. 10-CV-02384-JLK-MEH, 2010 WL 5072021 at *3 (D.Colo. Dec. 7, 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). "The amount in controversy is not proof of the amount the plaintiff will recover . . . it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). Accordingly, defendants may use documents that show a plaintiff's estimate of his claim as a way to support a notice of removal. *Id.* Additionally, the *Levings* court found that damages allegations "in the form of medical bills . . . loss of wages, and lost earning capacity, disability, [and] impairment . . . present a combination of facts and a theory of recovery that may support a claim in excess of $75,000." *Levings*, 2010 WL 5072021 at *3 (D.Colo. Dec. 7, 2010).

7. Here, Plaintiff's allegations of continuing disability, permanent impairment, economic and non-economic damages, pain and suffering, and past medical treatment, including lumbar spine surgery, arising out of the alleged incident will likely exceed $75,000. On August 12, 2019, Plaintiff's counsel prepared a settlement demand letter, claiming that Plaintiff sustained injury to his cervical spine, thoracic spine, and bilateral shoulders, and head, and noted his past medical specials totaled $170,817.99. *See* Ex. J at 17, Pl.'s Settlement Demand Letter. Additionally, Plaintiff alleged he sustained $29,934.88 in lost wages. *Id.* at 18. Plaintiff demanded $1,625,000.00 to settle his claims against Defendant CalEast. *Id.* at 19. Accordingly,

Plaintiff's economic and non-economic damages detailed by Plaintiff's counsel indicate Plaintiff will likely seek more than $75,000 in damages. Therefore, Defendant has established a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and removal is appropriate at this time.

8. The timing for removal is controlled by § 1446(b), which provides:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The *Vargas* court held that the removal period begins when a "defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Vargas*, 2010 WL 582135 at *1 (quoting *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999)). Plaintiff served his Complaint on Defendant CalEast Nat, LLC on August 30, 2019. *See* Ex. K, Service of Process of Complaint. Plaintiff then served his Amended Complaint on Defendants CalEast Nat, LLC and Centerpoint Properties, LLC on September 24, 2019. *See* Exs. L and M, Return of Service for Amended Complaint. Pursuant to F.R.C.P. 6(a), when the last day of a time period, specified in any statute, falls on a Saturday or Sunday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a). Thus, this Notice of Removal is timely as Defendant has filed for removal within the time period specified by the applicable statute and F.R.C.P. 6(a), after service of the initial pleading, which provided Defendants with sufficient information to ascertain removability.

9. Pursuant to 28 U.S.C. § 1446(d), Defendants CalEast Nat, LLC and Centerpoint Properties, LLC will promptly serve Plaintiff, and all parties who have entered an appearance, with written notice of the filing of this Notice of Removal and file a copy in the appropriate state court.

10. As required by D.C.Colo.LCivR 81.1 and § 1446(a), all papers, including a current docket sheet, filed in this matter in the District Court for Adams County, State of Colorado, are attached to this Notice of Removal as specifically referenced exhibits or otherwise labeled as Exhibits N to R. Defendants will also separately file each pending motion, petition, and related response, if any.

11. Pursuant to D.C.Colo.LCivR 81.1, Defendants represent that no motion hearings are currently set in the state court action and no trial date has been set.

12. No other Defendant in this matter has entered an appearance or otherwise responded to the Complaint or Amended Complaint. Plaintiff recently served Defendant Federal Express Corporation with the Amended Complaint on September 24, 2019. *See* Ex. O, ROS for FedEx Amended Complaint. Accordingly, counsel for Defendants have not had an opportunity to confer with counsel of record for Federal Express Corporation and obtain consent to removal prior to the timeline to file this Notice. *See* 28 U.S.C. § 1446(b)(2)(A). Defendants anticipate that Federal Express Corporation will consent to removal and timely file a consent and joinder pursuant to Tenth Circuit precedent. *See Cornwall v. Robinson*, 654 F.2d 685 (10th Cir. 1981).

13. By filing this Notice of Removal, Defendants CalEast Nat, LLC and Centerpoint Properties, LLC do not waive any defenses that may be available to it.

Respectfully submitted September 30, 2019.

                          MONTGOMERY AMATUZIO CHASE
                          BELL  JONES, LLP


By:    *Lori K. Bell*
        Lori K. Bell
        Amanda C. Jokerst

ATTORNEYS FOR DEFENDANTS
CALEAST NAT, LLC and CENTERPOINT
PROPERTIES, LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 30, 2019 a true and correct copy of the foregoing **NOTICE OF REMOVAL**, was served in the manner indicated below and addressed as follows:

*Counsel for Plaintiff:*
Darin L. Schanker, #23381
Jaclyn Thompson, #48292
Bachus and Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, Colorado 80202
(303) 893-9800
(303) 893-9900
DSchanker@coloradolaw.net
Jaclyn.thompson@coloradolaw.net
☐ U.S. Mail   ☒ E-Mail   ☐ ECF


                          *s/ Karen Wood*
                          [Signature on File:  Karen Wood]